# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| T. TERELL BRYAN, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CV410-197 |
| ) | |
| PAM WALTERS, KENNETH MARTIN, ) | |
| ROBERT J. PARKER, BURNIE W. BALLARD, ) | |
| JEFF HAMMOND, FAYE L. SELLERS, ) | |
| COUNTY OF CHESTERFIELD, COUNTY OF ) | |
| LANCASTER, LANCASTER COUNTY CLERK ) | |
| OF COURT, CHATHAM COUNTY CORONER'S ) | |
| OFFICE, CHATHAM COUNTY CLERK OF ) | |
| COURT, and U.S. ATTORNEY, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Proceeding *pro se*, T. Terell Bryan brings this "civil rights" action[1] against a variety of individuals (mostly South Carolinians) who, he claims, defrauded or somehow cheated him out of a judgment that he had obtained. Doc. 1 at 1-7.[2] A South Carolina inmate, Bryan claims he

---

[1] He does not use a 42 U.S.C. § 1983 form complaint, much less cite to that civil rights remedy. Instead, as further discussed *infra*, he brings what at most appear to be state law claims intermixed with occasional, and vague, mention of his "due process" rights.

[2] Upon Bryan's motion for leave to proceed *in forma pauperis* (IFP), doc. 2, the Court directed him to file 28 U.S.C. § 1915(a)-required inmate prison account paperwork. Doc. 3. Bryan has more or less complied. Docs. 4-5. The Court **GRANTS** him leave to proceed IFP, doc. 2, as he is indigent.

contacted the Chatham County, Georgia, Coroner's Office for information about a deceased woman's estate but received no response. *Id.* at 5. However, he supplies no "plain statement" in any way connecting that estate to his claim. *See* Fed. R. Civ. P. 8.[3] He also says

---

However, the Prison Litigation Reform Act ("PLRA") requires federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal as frivolous, malicious, or legally insufficient. 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief); *see also* 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions").

And where a lawsuit is not against government officials or does not involve prison conditions, courts apply 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). *See, e.g., Bowhall v. NAACP Beverly Hills,* 2010 WL 4791794 at * 2 (M.D. Ala. Nov. 5, 2010) ("At any stage of the proceedings, a case is frivolous for the purpose of § 1915(e)(2)(B) when it appears the plaintiff has little or no chance of success.") (quotes and cite omitted). The Court will therefore examine the complaint to determine whether it states a colorable claim for relief.

[3] Rule 8

requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief" and that "[e]ach allegation ... be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). Rule 8 does not require a plaintiff to provide detailed factual allegations; but a complaint will not suffice if it offers no more than "labels and conclusions," or "an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* ___ U.S. ___, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). While a court should not penalize a pro se plaintiff for linguistic imprecision, wildly implausible allegations in the complaint should not be taken as true.

*Kermanj v. Goldstein,* 2010 WL 4230656 at * 1 (11th Cir. Oct. 27, 2010) (quotes and cite omitted).

that he contacted U.S. Attorneys in Michigan and New York about a South Carolina notary's alleged fraudulent conduct in connection with the aforementioned judgment. *Id.* at 6. They failed to respond, but again, Bryan fails to plainly plead their relevance to his "judgment" claim.[4]

Nevertheless, he is suing all of these individuals, alleging: (1) a violation of his due process rights; (2) that the U.S. Attorneys were "deliberately indifferent" to his legal needs ("by failing to consider [his] criminal allegations"); and (3) the "defendants did conspire together per the 'contacts' and "acknowledgement' to cause harm and plaintiff's damages is a proximate cause thereof," etc. *Id.* at 6. He seeks $100,000 in compensatory damages and $250,000 in punitive damages. *Id.* at 7.

---

[4] As the Eleventh Circuit recently explained:

> Although " pro se pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally," *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir.), *cert. denied*, ___ U.S. ___, 129 S. Ct. 632, 172 L.Ed.2d 619 (2008), this liberal construction "does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir.1998). Even a pro se litigant is required to comply with the Federal Rules of Civil Procedure, particularly after being expressly directed to do so.

*Giles v. Wal-Mart Distribution Center*, 359 F. App'x 91, 93 (11th Cir. 2009).

For good measure, Bryan moves for a declaratory judgment, doc. 6, specifically declaring "his right to research his case and research the cases that defendants cite in the pleadings." He wants five-day-a-week access to his prison's library. *Id.* at 1. He also moves for a writ of mandamus, doc. 8, for injunctive relief, doc. 9, and for appointment of counsel. Doc. 7.

Bryan's complaint is, quite simply, nonsensical. His allegations at best speak of some sort of judgment he owned but out of which he was somehow cheated by a South Carolina notary, lawyer, and others. Doc. 1 at 1-7. He occasionally (and generically) mentions a clerk of court and a "conspiracy" (*see, e.g.*, doc. 1 at 3 ¶ 19) but names no specific person who could be considered a state actor -- an indispensable prerequisite for a 42 U.S.C. § 1983 action, which in turn is necessary to support federal-question jurisdiction in this Court. Nor does he plead diversity or any other jurisdictional basis for his suit. To all of that nonsensicality is added a healthy dose of manipulative cynicism: It is clear that Bryan has simply thrown a dart at the map and randomly named a Georgia official plus U.S. Attorneys from three states -- evidently in a lame attempt to

establish some sort of jurisdictional nexus with this forum (again, he is a South Carolina inmate and this is a Georgia federal court).

His case therefore should be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), as it bears not even the slightest hint that it can be cured with a "second-chance" amendment. *Cf. Langlois v. Traveler's Ins. Co.*, 2010 WL 4146153 at * 1-2 (11th Cir. Oct. 22, 2010) (even though IFP's litigant's pro se complaint failed to state basis for federal jurisdiction and failed to state a claim, and she failed to seek leave to amend her complaint, nevertheless she should have been afforded an opportunity to amend deficiencies prior to dismissal, where fewer than 21 days had passed since she had filed her complaint, defendants had not yet been served, no responsive pleadings had been filed, there was no risk of undue prejudice, there was no evidence of plaintiff's undue delay, bad faith, or dilatory motive, and amendment would not have been futile given additional documentary evidence attached to her appellate brief, which, although not properly before court, suggested that there might have been additional information that she could have provided in her original complaint).

Any objections Bryan files to this Report and Recommendation must be accompanied by a sworn affidavit identifying, by full case name, court, and case number, all prior litigation that he has brought in any court of record. In that regard, this Court will tolerate no further frivolous filings and will not hesitate to invoke protective remedies. *See Smith v. Florida Dept. of Corrections*, 369 F. App'x 36, 40 (11th Cir. 2010) (injunction prohibiting state prisoner from filing IFP petitions in civil cases litigated in federal court was not overbroad, where prisoner was not prohibited from litigating actions in which he paid the appropriate fees, criminal cases, or state court actions), applied in *Harris v. St. Lawrence*, CV410-047 doc. 3 (S.D. Ga. May 12, 2010), *adopted*, doc. 6. Meanwhile, plaintiff's non-IFP motions (doc. 6-9) are **DENIED**.

**SO REPORTED AND RECOMMENDED** this __2nd__ day of December, 2010.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA